IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CAROLYN GREENFIELD and CYNTHIA GLENN, | ) ) ) |
| Plaintiffs, | ) ) Case No. 1:25-cv-00051 |
| v. | ) ) Chief Judge William L. Campbell, Jr. ) Magistrate Judge Barbara D. Holmes |
| NORTH AMERICAN REGISTRY OF MIDWIVES, | ) ) ) |
| Defendant. | ) |

**ORDER**

On August 8, 2025, Plaintiffs Carolyn Greenfield and Cynthia Glenn filed the pending Motion for entry of default[1] against Defendant North American Registry of Midwives ("NARM") pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 8). For the following reasons, Plaintiffs' Motion is **DENIED**.

Pursuant to Local Rule 55.01(a), motions for entry of default against business entities under Fed. R. Civ. P. 55(a) must be accompanied by an affidavit or unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (1) proof of service and (2) the opposing party's failure to plead or otherwise defend. Plaintiffs' Motion for entry of default is procedurally deficient and must be denied because it does not include the required affidavit or unsworn declaration. Even if the procedural requirement had been met, Plaintiffs cannot yet satisfy the first requirement of Local Rule 55.01(a).

---

[1] Plaintiffs' Motion is styled as a "Motion for Default Judgment" but cites to Federal Rule of Civil Procedure 55(a) as the grounds for relief. As a result, the Clerk will construe the Motion as one for entry of default.

1

Plaintiffs filed this action on June 6, 2025. (Doc. No. 1). Summons was returned executed as to Defendant on July 11, 2025. (Doc. No. 6). The Summons was directed to "NARM Principal Office Address, 1121 Trotwood Ave, Ste 7, Columbia, TN 38401." (Doc. No. 6 at pg. 1). The accompanying Proof of Service declaration signed by Cynthia Glenn states that Defendant was served by "both certified mail and certified return receipts USPS on 7/7/2025." (Doc. No. 6). The Declaration did not include a copy of the return receipt. Plaintiffs filed their Motion for entry of default on August 8, 2025. (Doc. No. 8). In support, Plaintiffs included a copy of the certified mail return receipt. *Id.* at p. 4. The signature of the person who signed the receipt is illegible, as is the name in the "Received by" section. *Id.*

As noted by Plaintiffs in their pending Motion to Amend, (Doc. No. 11), Tennessee Secretary of State records identify the North American Registry of Midwives as a nonprofit corporation. NARM's registered agent for service of process is Tennessee Registered Agent LLC, 116 Agnes Rd. Ste 200, Knoxville, TN 37919.

Federal Rule of Civil Procedure 4 establishes the procedures for service of process on corporate defendants. When serving a domestic corporation pursuant to Federal law, a copy of the summons and complaint may be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Additionally, service upon a domestic corporation may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1), *see also* Fed. R. Civ. P. 4(h)(1)(A). When serving a domestic corporation pursuant to Tennessee law, a corporation may be served by delivering a "a copy of the summons and of the complaint to an officer or managing

agent thereof, or to the chief agent in the county where in the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4).

Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by "registered return receipt or certified return receipt mail." Tenn. R. Civ. P. 4.04(10). However, for service to be effective, any return receipt must be signed by the defendant, a person designated by Rule 4.04, or by statute. Tenn. R. Civ. P. 4.04(10). As this Court has previously explained,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.* If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.'" *Id.* (emphasis in original).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). In this case, the certified mail was not addressed to Defendant's registered agent for service of process. Instead, it was addressed to the company only and sent to its principal address. The USPS certified mail receipt appended to Plaintiffs' motion includes an illegible signature. (Doc. No. 8). As a result, Plaintiffs cannot verify service of process upon a person authorized to accept service based upon this illegible signature alone.

In support of NARM's Objection to Plaintiffs' Motion for entry of default, NARM includes the Affidavit of Maria Weaverling, the Applications Coordinator for NARM who retrieved the envelope containing the Summons and Complaint from NARM's mailbox. (Doc. No. 10-1). Ms. Weaverling states that the signature on the return receipt was not hers nor any other employee of NARM. *Id.*

3

Plaintiffs contend that Weaverling's position and knowledge of the complaint impliedly confers authority upon her to accept service of process on behalf of NARM. With respect to service of process, however, "the record must contain evidence that the defendant intended to confer upon the agent the specific authority to receive and accept service of process for the defendant. Acting as the defendant's agent for some other purpose does not make the person an agent for receiving service of process. Nor is the mere fact of acceptance of process sufficient to establish agency by appointment." *Hall v. Haynes*, 319 S.W.3d 564, 573 (Tenn. 2010). (internal citations omitted). The Clerk finds that Plaintiffs have not submitted sufficient evidence to support the notion that Weaverling was authorized by NARM to accept service of process.

Finally, it is well established in the Sixth Circuit that "[a]ctual knowledge of a lawsuit does not substitute for proper service under Fed. R. Civ. P. 4. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004). *See also LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (The Sixth Circuit "will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4."). "Rule 4(l)(1) requires that proof of service must be made to the court unless service is waived, and the Plaintiff bears the burden of showing the Defendant has been properly served with process." *Payne v. Tennessee*, No. 2:14-0047, 2014 WL 3362247, at *3 (M.D. Tenn. July 8, 2014), report and recommendation adopted, No. 2:14-CV-0047, 2014 WL 5846555 (M.D. Tenn. Nov. 12, 2014) (internal citations omitted).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). In this case, the Clerk finds that Plaintiffs have not provided

4

information sufficient to verify proof of service upon NARM as required by Local Rule 55.01(a)(1). Plaintiffs' Motion for entry of default, (Doc. No. 8), is **DENIED**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court